Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8813 | DATE | 9/10/2003 |
| CASE TITLE | Adeena J. Weiss vs. Coldata, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to 10/15/03 at 9:45 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for class certification is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 11 2003 date docketed | |
| | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP 10 PM 3:06 | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADEENA J. WEISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 8813 |
| ) | Paul E. Plunkett, Senior Judge |
| COLDATA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Adeena Weiss, has filed a class action complaint against defendant, Coldata, Inc., alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Before the Court is plaintiff's motion for class certification pursuant to Federal Rule of Civil Procedure ("Rule") 23. Defendant objects to class certification. For the following reasons, we grant plaintiff's motion.

### Background

Defendant is a collection agency that collects delinquent loans for, among other creditors, credit card companies. In December 2001, credit card issuer American Express assigned plaintiff's account to defendant, and soon thereafter, defendant mailed to plaintiff the first of a series of eight collection letters. The third collection letter sent by defendant offered plaintiff an opportunity to settle the account for approximately 50% of the account balance, stating that the settlement offer was "for a short time only" and indicating that it would expire on March 24, 2002. After this settlement offer deadline passed, defendant sent plaintiff at least three more collection letters, each one offering,



"for a short time only", to settle the account for approximately 50% of the account balance and each one establishing a new settlement offer deadline. Plaintiff asserts that these letters are violative of the FDCPA because they make settlement offers with strict, yet false, deadlines.

In the present motion, plaintiff moves for an order certifying a class of similarly-situated debtors who received the same allegedly FDCPA-violating collection letter. Specifically, plaintiff seeks to certify a class consisting of: (a) all natural persons with Illinois addresses who, according to the books and records of defendant; (b) were sent a letter containing a settlement offer of 50% or more with a purported deadline; (c) which was not returned by the Postal Service; (d) seeking to collect a purported credit card debt; (e) which letter was sent on or after a date one year prior to the filing of this action (December 5, 2001). Defendant objects to plaintiff's motion for class certification on several grounds. As set forth more fully below, we grant plaintiff's motion for class certification.

## Discussion

To certify a class under Rule 23, the party seeking class certification must first meet the four requirements of Rule 23(a). These requirements are numerosity (the class must be so large that "joinder of all members is impracticable"), commonality (there must exist "questions of law or fact common to the class"), typicality (representative parties' claims or defenses "typical of . . . the class") and adequacy of representation ("representative parties will fairly and adequately protect the interests of the class"). Fed. R. Civ. P. 23(a); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Rule 23(b) requires that additional criteria be met for class certification; in this case, questions of "law or fact common to the members of the class [must] predominate over any

questions affecting only individual members" and "a class action [must be] superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Defendant asserts that neither the second nor third of Rule 23(a)'s prerequisites, commonality and typicality, are met.[1] It also asserts that plaintiff has not satisfied the requirements of Rule 23(b)(3).

*A. Commonality*

Defendant argues that plaintiff has not met the commonality requirement because plaintiff has not shown that each member of the proposed class would have a claim under the FDCPA or even a claim with the same essential characteristics as plaintiff's claim. We disagree. The commonality requirement can be satisfied by showing "a common nucleus of operative fact." *Keele*, 149 F.3d at 594. A common nucleus of fact typically exists where "defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly form letters or documents." *Id.* That is precisely the case here.

Defendant admits that there are more than "1,000 natural persons with Illinois addresses" who "were sent a letter containing a settlement offer of 50% or more with a purported deadline", "seeking to collect a purported credit card debt", which letter was "sent on or after [December] 5, 2001." (Pl.'s Reply Ex. A ¶ 19 Response.) These are the "essential characteristics" of plaintiff's claim, *see* Compl. ¶ 25; Pl.'s Mem. Law Supp. Mot. Class Cert. at 1-2, and any individual factual

---

[1] Although defendant does not expressly concede that plaintiff has met the adequacy of representation requirement, defendant's brief opposing class certification is silent on the matter and so we assume defendant has agreed that this requirement has been met. Regardless, we find plaintiff has satisfied this requirement. *See Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998) (discussing Rule 23(a)'s adequacy of representation requirement and noting the burden to demonstrate a class representative's adequacy is "not a heavy one") (internal citation omitted).

differences among class members are collateral to the allegedly unlawful standardized practice to which all the class members were subjected.

*B. Typicality*

The typicality inquiry is closely related to that of commonality, *see Keele*, 149 F.3d at 595, and a "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (internal citation omitted). Differences of fact do not necessarily defeat a finding of typicality. *See id.*

We find that the named plaintiff's claims in this case are sufficiently typical of the claims of the class as a whole. Plaintiff's claims are directed at the dunning letters sent by defendant which represent falsely that, for a limited time only and before a date certain, a debtor can settle a particular debt by paying a certain percentage (in this case, at least 50%) of the amount due. The question applicable to all who received the letters is whether settlement offers with false deadlines violate the FDCPA. Defendant's letters, each with the same basic characteristics, affected everyone in the same manner, regardless of the individual class member's amount of debt or an individual letter's stated settlement offer deadline. *Id. Cf. Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993) (discussing claim that does not meet typicality requirement).

*C. Rule 23(b)(3)*

To certify a class under Rule 23(b)(3), plaintiff must show that (1) common issues of fact and law in the case predominate and (2) a class action is a superior means for resolving the case. *McDonald v. Prudential Ins. Co. of America*, 1999 WL 102796, at *2 (N.D. Ill. Feb. 19, 1999). The commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) overlap. *See Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 309 (N.D. Ill. 1995). The predominance requirement is usually met where a "common nucleus of operative fact exists among all class members for which the law provides a remedy." *Id.*

We find that the first prong of Rule 23(b)(3) is satisfied. The common nucleus stems from defendant's collection letter that contains a settlement offer for at least 50% of the amount due, valid only if the debtor acts before the offer's purported expiration date. Plaintiff asserts that the use of this letter constitutes a deceptive collection practice in violation of 15 U.S.C. § 1692e. If the letter does violate the FDCPA, there is a legal remedy. *See* 15 U.S.C. § 1692k(a). These letter are essentially form letters; their production is automated and variations in amount due or settlement offer deadlines are not material to our determination.

We also find that plaintiff has satisfied the second prong of Rule 23(b)(3), which requires a showing that a class action is the superior method of adjudication. We reject defendant's argument that a class action is not the superior method of adjudication in this case because the offers are not standardized to each class member. The list of non-exhaustive factors found in Rule 23(b)(3) informs our decision.

The common issues of law and fact will be more efficiently resolved through a class action, especially given the number of individuals defendant admits has received the type of letter at issue

here. Persons from whom defendant is attempting to collect allegedly delinquent debts may not be aware that the letters they have received may violate the FDCPA. They are also generally unlikely to retain counsel to protect their rights on an individual basis, assuming that any damages resulting from defendant's actions are small and not worth the time and expense of individual litigation. *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 345 (N.D. Ill. 2001). In addition, differences among class members, such as the number of letters received or settlement offer deadlines, are readily available from defendant's computerized database. Moreover, the FDCPA specifically permits class actions, *see* 15 U.S.C. §§ 1692k, and a class action is well- suited to controversies under the statute. *Crawford v. Equifax Payment Servs., Inc.* 201 F.3d 877, 880 (7th Cir.2000) (noting in FDCPA case that "[b]ecause these are small-stakes cases, a class suit is the best, and perhaps the only, way to proceed"); *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 358 (N.D. Ill. 1998) (class action will have stronger deterrent effect than would a number of individual actions).

## Conclusion

Plaintiff has satisfied the requirements of Rule 23(a) and (b). The motion for class certification is granted.

**ENTER:**

_____

**UNITED STATES DISTRICT JUDGE**

DATED: 9-10-03